# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FANCHON CAREY-SMALLS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DACHSER USA AIR & SEA ) | JURY TRIAL DEMANDED |
| LOGISTICS INC. f/k/a DACHSER ) | |
| TRANSPORT OF AMERICA, INC. ) | |
| ) | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Fanchon Carey-Smalls (hereinafter "Plaintiff"), and files this lawsuit against Defendant Dachser USA Air & Sea Logistics Inc. f/k/a Dachser Transport Of America, Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay Plaintiff overtime when she worked over 40 hours in a

1

workweek in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during the three years before the filing of this Complaint.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a foreign corporation organized and existing under the laws of the State of New York with its principal place of business at 2839 Paces Ferry Road Suite 300 Atlanta, Georgia 30339.

5.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

6.

Defendant may be served through its Georgia registered agent for service, Business Fillings Incorporated, located at 1201 Peachtree St. Atlanta, Georgia 30361.

## III. Parties

7.

Plaintiff is a resident of the State of Georgia.

8.

Plaintiff was an "employee" of Defendant as defined under 29 U.S.C. §203(e).

9.

Defendant Dachser is a private employer engaged in interstate commerce, and its gross revenues exceed $100,000 per year in 2013, 2014, and 2015.

10.

Defendant Dachser is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year in 2013, 2014, and 2015.

11.

Defendant Dachser is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. §203(r)(1), §203(s)(1).

12.

Defendant Dachser's primary service was organizing and coordinating the shipping of goods including interstate and internationally.

13.

Plaintiff communicated and coordinated with companies and individuals located outside of the State of Georgia.

14.

Defendant Dachser is an "employer" within the definition of 29 U.S.C. §203(d).

15.

Defendant Dachser is governed by and subject to 29 U.S.C. §207 and §215.

16.

Defendant Dachser employed Plaintiff during the previous three years before the filing of this Complaint.

### IV.  Facts

Plaintiff began working for Defendant in 2007 until on or around July 19, 2015.

17.

Plaintiff was hired to work for Defendant as a receptionist.

18.

Plaintiff's primary duty was sitting at the front desk to greet and direct guests of Defendant's facility as well as answer the main office phone.

19.

Plaintiff was expected to be at the desk from 9:00 AM to 6:00 PM, Monday through Friday.

20.

In 2008 Plaintiff was asked to assist with booking and coordinating travel arrangements for Defendant's employees.

21.

At President and CEO Frank Guenzerodt's direction Plaintiff would arrange flights, hotels, and transportation for Defendant's employees across the country.

22.

Plaintiff would arrange flights, hotels, and transportation for Defendant's overseas employees when they travelled to the USA.

23.

Plaintiff would also book flights at the direction of the employee doing the traveling.

24.

Plaintiff was unable to use her discretion or independent judgment to choose the flights she would book for Defendant's employees.

25.

Until June 2014 Plaintiff was the only Dachser employee arranging travel plans for all of Dachser's employees in the US.

26.

As part of her travel coordination duties Plaintiff would field and make calls or send emails with Dachser employees and travel services providers outside of Plaintiff's regular work hours when Dachser employees had issues with their travel arrangements.

27.

As part of Plaintiff's duties she was required to help set up and clean up meeting spaces for Defendant's meetings.

28.

In the weeks there were meetings Plaintff was expected to set up breakfast every day of the meeting which required Plaintiff to begin her work day approximately 2 hours earlier than her normal start time.

29.

In the weeks there were meetings Plaintff was expected to set up "hospitality rooms" and clean the rooms after the meeting was over for the day.

30.

Setting up hospitality rooms required Plaintiff to work into the evenings beyond her regular work day.

31.

Cleaning up hospitality rooms required Plaintiff to work until the early hours of the next morning, sometimes as late as 4:00 AM.

32.

During the weeks when there were meetings Plaintiff was required to also work her regular hours and complete her regular job duties in addition to the work required by the meetings.

33.

Beginning approximately 2010 Defendant began intermitent renovations on their offices.

34.

Plaintiff was asked to arrive at Defendant's offices earlier than her regular start time during the times when the renovations were occuring.

35.

When the renovations were occuring Plaintiff came to work every day at 7:00 AM or earlier and worked to at least her regular end of work time at 6:00 PM.

36.

Plaintiff worked the above mentioned schedule during the periods of time when renovations were being performed until April, 2015.

37.

Plaintiff worked over 40 hours in a workweek on many occassions but was never paid an overtime differential for the hours she worked over 40 in a workweek.

38.

Defendant did not keep records of the actual number of hours Plaintiff worked during a workweek.

39.

Defendant did not consult the Department of Labor or any other relevant Federal Government Agency as to whether Plaintiff was properly exempt from the overtime requirements of the Fair Labor Standards Act.

40.

Defendant did not consult an attorney, human resources specialist, or any other individual with knowledge or experience who may have helped Defendant to know whether Plaintiff was properly exempt from the overtime requirements of the Fair Labor Standards Act.

## VI.  Violation of the Overtime Pay Requirement of the FLSA

41.

Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint.

42.

The FLSA, 29 U.S.C. § 207 et seq., requires employers to pay employees at an overtime differential when the employee works over 40 hours in a workweek.

43.

 Defendant's actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to pay Plaintiff the required overtime differential when she worked over 40 hours in a workweek.

44.

Defendant has violated 29 U.S.C. §207 and §215, by failing to pay Plaintiff the required overtime differential when she worked over 40 hours in a workweek during the applicable statutory period.

45.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and also to attorney fees and costs incurred in connection with this claim.

46.

Defendant knew or showed a willful and reckless disregard for the fact they failed to pay Plaintiff the required overtime differential when she worked over 40 hours in a workweek.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff demands a TRIAL BY JURY and respectfully requests that this Court grant Plaintiff the following relief:

(A)   Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime pay;

(B)   Liquidated damages equal to the amount of unpaid overtime pay.

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

(E)   Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and;

(F)   Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted, this 15th day of August, 2016.

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Fanchon Carey-Smalls

**The Law Office of Benjamin B. Kandy**
534 Medlock Road Suite 109
Decatur, GA 30030
Ph: (678) 824-2251
F: (678) 401-0398
ben@bkandylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FANCHON CAREY-SMALLS,   ) | |
| ) | Civil Action No. |
| Plaintiff,   ) | |
| v.   ) | |
| ) | |
| DACHSER USA AIR & SEA   ) | JURY TRIAL DEMANDED |
| LOGISTICS INC. f/k/a DACHSER   ) | |
| TRANSPORT OF AMERICA, INC.   ) | |
| ) | |
| Defendant. | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 15th day of August, 2016

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Ga. Bar No. 765357
Attorney for Fanchon Carey-Smalls

The Law Office of Benjamin B. Kandy LLC
534 Medlock Road
Suite 109
Decatur, Georgia 30030
P:  (678) 824-2251
F:  (678) 401-0398
ben@bkandylaw.com